# Exhibit A

GEORGIA, FULTON COUNTY

STATE COURT OF FULTON COUNTY
Civil Division

DO NOT WRITE IN THIS SPACE

CIVIL ACTION FILE #: _____

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
**File & ServeXpress**
Transaction ID: 65663187
Date: May 28 2020 04:24PM
LeNora Ponzo, Chief Clerk
Civil Division

Patty Ashworth &
Jasmin Chambers
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Mike Galbusieri Trucking, Inc.,
Sentry Select Insurance Co., &
James Snuffer Jr.

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [X] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| \*\*\*\*\*\*\*\*\*\*\*\* | |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Flanagan Law, P.C.
Address: 5855 Sandy Springs Circle, Suite 300
City, State, Zip Code: Atlanta, GA 30328          Phone No.: (404) 480-4474

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

**SERVICE INFORMATION:**
Served, this _____ day of _____, 20_____.    _____
                                                        DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

This _____ day of _____, 20_____.    _____ Foreperson

(STAPLE TO FRONT OF COMPLAINT)

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 65663187
Date: May 28 2020 04:24PM
LeNora Ponzo, Chief Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| PATTY ASHWORTH & JASMIN CHAMBERS, <br><br> Plaintiffs, <br><br> vs. <br><br> MIKE GALBUSIERI TRUCKING, INC., SENTRY SELECT INSURANCE CO., & JAMES SNUFFER JR., <br><br> Defendants. | Civil Action File No.: <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES & JURY DEMAND

**COMES NOW,** PATTY ASHWORTH and JASMIN CHAMBERS (hereinafter collectively referred to as "Plaintiffs"), by and through the undersigned counsel, and complain of the acts and omissions of MIKE GALBUSIERI TRUCKING, INC., ("MG Trucking"), SENTRY SELECT INSURANCE CO. ("Sentry Select"), and JAMES SNUFFER JR. ("James Snuffer") (hereinafter collectively referred to as "Defendants") and files this Complaint for Damages & Jury Demand, as follows:

### JURISDICTION & VENUE

**1.**

Plaintiff Patty Ashworth is an adult Georgia resident and voluntarily subjects herself to the Jurisdiction and Venue of this Honorable Court by filing this action.

**2.**

Plaintiff Jasmin Chambers is an adult Georgia resident and voluntarily subjects herself to the Jurisdiction and Venue of this Honorable Court by filing this action.

**3.**

Defendant MG Trucking ("Defendant MG Trucking") is a motor carrier conducting business whose corporate address is located at 5374 NW 63 PL, Ocala, FL 34482. Defendant MG Trucking is nevertheless subject to the jurisdiction and venue of this Honorable Court under the Georgia Nonresident Motor Carrier Act (O.C.G.A. § 40-

1-117 et seq.) and service of process may be perfected by serving a copy of the Summons and Complaint upon the Georgia Secretary of State pursuant to O.C.G.A. § 40-1-117.

4.

Defendant Sentry Select Insurance Co. ("Defendant Sentry Select"), whose corporate address is located at 1800 North Point Drive, Stevens Point, WI, 54481, is subject to the jurisdiction of this Court and should be joined in this action in accordance with O.C.G.A. § 40-1-112(c) of the Georgia Motor Common Carrier Act of 2012, and may be served through their registered agent, C T Corporation System, 289 S Culver St, Lawrenceville, GA 30046.

5.

Upon information and belief, Defendant James Snuffer was not a resident of Georgia at the time of the cause of action complained of herein, based on his last known place of residence to wit 5329 East Old Stump Court, Inverness, FL 34452, but is nevertheless subject to the jurisdiction and venue of this Honorable Court under the Georgia Nonresident Motorist Act (O.C.G.A. § 40-12-1 et seq.) and service of process may be perfected by serving a copy of the Summons and Complaint upon the Georgia Secretary of State pursuant to O.C.G.A. § 40-12-2.

6.

At all times herein mentioned, Defendant MG Trucking was a motor carrier and owned, operated, maintained and/or controlled a 1994 Peterbilt Transfer Dump Truck, Vin # 1XP5DB8X6RN348813 (hereinafter referred to as "Defendants' truck"), which was driven by Defendant James Snuffer at all times pertinent to this lawsuit.

7.

The motor vehicle collision referenced in this complaint occurred in Fulton County, Georgia.

8.

Jurisdiction and Venue in the State Court of Fulton County, Georgia is proper for the above and following reasons.

## I. FACTS

9.

Defendant MG Trucking engages in the business of interstate and intrastate commerce and operates commercial vehicles over the public highways of the state of Georgia under a registration permit issued by the Florida Department of Motor Vehicles.

**10.**

At all times mentioned herein, Defendant James Snuffer was employed by, and furthering the business of, Defendant MG Trucking.

**11.**

At all times relevant hereto, Defendant James Snuffer operated Defendants' truck in the course and scope of his employment for his employer, Defendant MG Trucking.

**12.**

On or around Thursday, November 29, 2018, Plaintiff Patty Ashworth drove a 2012 Chrysler 200 ("Plaintiffs' vehicle") westbound on Interstate 285 towards its intersection with Riverside Drive in Fulton County ("the intersection").

**13.**

At all times relevant hereto, Defendant James Snuffer drove Defendants' truck westbound on Interstate 285 towards the intersection, traveling in the lane directly to the left of Plaintiffs' vehicle.

**14.**

At all times relevant hereto, Defendants' truck was owned by Defendant MG Trucking.

**15.**

At all times relevant hereto, Defendant James Snuffer was in control of Defendants' truck.

**16.**

At all times relevant hereto, Plaintiffs' vehicle had the right of way.

**17.**

As Plaintiff Patty Ashworth drove Plaintiffs' vehicle down Interstate 285 towards the intersection, Defendant James Snuffer drove Defendants' truck into Plaintiffs' lane of travel and struck the driver's side of Plaintiffs' vehicle, causing a collision ("the collision").

**18.**

The momentum from the collision caused Plaintiffs' vehicle to spin across two lanes of traffic before Plaintiffs' vehicle was struck in the rear by another vehicle, causing a second collision (collectively referred to as "the collisions").

19.

As a result of the collisions, Plaintiffs suffered painful physical injuries and required subsequent medical treatment thereafter.

20.

As a result of the collision, Defendant James Snuffer was cited for Improper Lane Change, a violation of O.C.G.A. § 40-6-123.

## II. NEGLIGENCE & NEGLIGENCE PER SE

21.

Plaintiffs incorporate all previous allegations contained in paragraphs 1-20 of this Complaint as if set forth verbatim herein.

22.

At all times relevant to this incident, Defendant MG Trucking and Defendant James Snuffer owed a duty to Plaintiffs to exercise due and reasonable care and to operate Defendants' truck in a lawful, careful and prudent manner, in accordance with the Georgia Uniform Rules of the Road and common laws of this State as well as Federal Motor Carrier Safety Regulations all which are pertaining to the operation of a motor vehicle upon the public street.

23.

However, Defendant James Snuffer breached those aforesaid duties owed to Plaintiffs, negligently violated Georgia law and notwithstanding those duties, did violate them in the following particulars:

(a) In changing lanes improperly, a violation of O.C.G.A. § 40-6-123;

(b) In failing to drive at a reasonable and prudent distance so as to anticipate stops and avoid the collision in violation of O.C.G.A. § 40-6-49;

(c) In failing to make reasonable and proper observations while driving, if reasonable and proper observations were made, failing to act thereon;

(d) In failing to use due care when driving in violation of O.C.G.A § 40-6-241;

(e) In driving without keeping a proper lookout ahead in violation of O.C.G.A. § 40-6-241;

(f) In failing to observe or undertake the necessary precautions to keep from colliding with my client in violation of O.C.G.A. § 40-6-241;

(g) In driving without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

(h) In driving in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and

(i) In committing other negligent and reckless acts and omissions as may be shown by the evidence at trial.

### 24.

Defendants committed additional negligent acts and omissions to be proven by the facts and evidence at trial.

### 25.

Plaintiffs suffered painful physical injuries and damages as a direct and proximate result of the breach of aforementioned legal duties owed to the Plaintiffs.

### IV. NEGLIGENT HIRING, TRAINING AND SUPERVISION

### 26.

Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 25 above as if fully restated.

### 27.

Defendant MG Trucking was negligent in hiring Defendant James Snuffer.

### 28.

Defendant MG Trucking was negligent in failing to properly train Defendant James Snuffer.

### 29.

Defendant MG Trucking was negligent in failing to properly supervise Defendant James Snuffer.

### 30.

Defendant MG Trucking was negligent in failing to exercise reasonable care to avoid a foreseeable risk of injury to others.

### 31.

Defendant MG Trucking was negligent in failing to provide safe equipment.

### 32.

Defendant MG Trucking was negligent in failing to render aid.

### 33.

Defendant MG Trucking's negligence in hiring Defendant James Snuffer and entrusting him to drive Defendants' truck and failing to train and supervise him properly was a proximate cause of the incident and Plaintiffs' resulting injuries.

## V. VICARIOUS LIABILITY

### 34.

Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 33 above as if fully restated.

### 35.

On the day of the incident, Defendant James Snuffer was employed by Defendant MG Trucking and was acting within the scope of his employment at all times relevant to this litigation.

### 36.

Defendant MG Trucking is responsible for the conduct and actions of Defendant James Snuffer pursuant to the doctrine of vicarious liability, *respondeat superior*, agency or apparent agency.

## VI. GENERAL & SPECIAL DAMAGES UNDER O.C.G.A. § 51-12-2

### 37.

Plaintiffs incorporate all previous allegations contained in paragraphs 1-36 of this Complaint as if set forth verbatim herein.

### 38.

As a direct and proximate result of Defendants' negligence, as stated hereinabove, Plaintiffs suffered painful injuries.

### 39.

As a direct and proximate result of Defendants' negligence, as stated hereinabove, Plaintiffs suffered conscious physical pain and suffering.

### 40.

As a direct and proximate result of Defendants' negligence, as stated hereinabove, Plaintiffs suffered conscious mental pain and suffering.

### 41.

As a direct and proximate result of Defendants' negligence, as stated hereinabove, Plaintiffs incurred reasonable and necessary medical expenses due to the severe nature and extent of the physical and mental injuries sustained.

### 42.

By reason of the foregoing, Plaintiffs are entitled to recover compensatory damages from Defendants for past, present, and future emotional and physical pain and suffering, disability, and loss of quality of life in such an amount as shall be shown by the evidence and determined by the enlightened conscience of the jury.

### 43.

By reason of the foregoing, Plaintiffs are entitled to recover special damages from Defendants for past and future medical expenses, in such an amount as shall be shown by the evidence and proven at trial.

## VII. ATTORNEY'S FEES UNDER O.C.G.A. § 13-6-11

### 44.

Plaintiffs incorporate all previous allegations contained in paragraphs 1-43 of this Complaint as if set forth verbatim herein.

### 45.

Plaintiffs specifically seek an award of attorney's fees under O.C.G.A. § 13-6-11 as Defendants have acted stubbornly litigious and caused Plaintiffs unnecessary trouble and expense by forcing Plaintiffs to file this lawsuit.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request this Honorable Court for the following:

a. That Summons issue and service be perfected upon Defendants requiring her to appear in this Honorable Court within the time prescribed by Georgia law and answer this Complaint;

b. Judgment for Plaintiffs against Defendants for past, present and future pain and

suffering;

c. Judgment for Plaintiffs against Defendants for past, present and future medical bills;

d. Trial by jury of twelve (12) jurors under O.C.G.A. § 15-12-122(a)(2); and

e. Plaintiffs be entitled to recover attorney's fees in accordance with O.C.G.A. § 13-6-11;

f. Any other relief this Court deems fair and just.

THIS 28TH DAY OF MAY 2020.            FLANAGAN LAW, P.C.

/s/ *Robert S. Gunn*

Brendan Flanagan, Esq.
Georgia Bar No. 491824
**Flanagan Law, P.C.**
5855 Sandy Springs Circle, Suite 300    Robert S. Gunn IV, Esq.
Atlanta, GA 30328                       Georgia Bar No. 602385
(404) 480-4474                          *Attorneys for Plaintiffs*
(404) 480-3971 (fax)
BF@bflanlaw.com